# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN PAUL HAMLIN,<br><br>     Plaintiff,<br><br>v.<br><br>XAVIER BECERRA,<br>in his capacity as Secretary of the<br>United States Department of<br>Health and Human Services,<br><br>     Defendant. | )<br>)<br>)<br>)<br>)<br>)     Case No. CIV-23-1047-D<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

Before the Court is Defendant Xavier Becerra's Motion to Dismiss [Doc. No. 8]. Plaintiff filed a response in opposition [Doc. No. 9], to which Defendant replied [Doc. No. 10]. The matter is fully briefed and at issue.

## BACKGROUND

In his Complaint [Doc. No. 1], Plaintiff alleges he is a Medicare Part B beneficiary and that Medicare wrongly denied payment for his July 5, 2022 MRI. Compl., ¶¶ 7-11. Unhappy with Medicare's coverage decision, Plaintiff alleges that he filed Medicare Level 1, 2, 3, and 4 appeals and that his Level 1, 2, and 3 appeals were unfavorable. *Id.*, ¶¶ 12-23. However, Plaintiff claims that "CMS refused to issue a decision for the Level 4 appeal within the 90 days required by 42 CFR §405.11009(c)" and that all "administrative appeals have been attempted and exhausted." *Id.*, ¶¶ 27-28.

Plaintiff asserts four claims. In his first claim, Plaintiff alleges that Defendant's "refusal to issue a timely decision required by 42 CFR §405.11009(c) is arbitrary,

capricious, an abuse of discretion, or otherwise not in accordance with law." *Id.*, ¶ 31. In his second claim, Plaintiff alleges that an "MRI to determine if cancer has recurred is not a routine examination," and, under the APA, "the reviewing court shall hold unlawful and set aside agency action, findings and conclusions found to be unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court." *Id.*, ¶¶ 34-36. In his third claim, Plaintiff appears to request that the Court order all filings in this case be made under seal and that "all future Medicare Federal de nova [sic] appeals filed in the Western District be filed under seal." *Id.*, ¶¶ 43-46. In his fourth claim, Plaintiff alleges that Medicare does not adequately disclose or explain the time period within which appeal decisions must be decided. *Id.*, ¶¶ 49-52.

In the instant Motion, Defendant moves to dismiss Plaintiff's Complaint in full. Defendant argues that Plaintiff fails to establish that the Court has subject-matter jurisdiction, and, even if he did, Plaintiff fails to state a claim upon which relief can be granted.

## STANDARD OF DECISION

"Motions to dismiss for lack of subject matter jurisdiction 'generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *City of Albuquerque v. U. S. Dep't of Interior*, 379 F.3d 901, 906 (10th Cir. 2004) (quoting *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002)). If the motion challenges only the sufficiency of the plaintiff's jurisdictional allegations (*i.e.*, a facial attack), a district court must confine itself to the pleadings and

accept all well-pled allegations as true. *See Peterson v. Martinez*, 707 F.3d 1197, 1205-06 (10th Cir. 2013); *Paper, Allied-Indus., Chem. & Energy Workers Int'l Union v. Cont'l Carbon Co.*, 264 F.3d 1297, 1303 (10th Cir. 2001). Defendant's Motion presents a facial attack to the sufficiency of Plaintiff's Complaint to establish a basis for subject-matter jurisdiction. *See* Def.'s Mot. at 5 ("Here, the Court need look no further than the face of Plaintiff's Complaint to determine that it lacks jurisdiction in this case.").[1]

## DISCUSSION

### I.      Plaintiff fails to establish that the Court has subject-matter jurisdiction.

#### A.      The APA, on its own, does not provide a basis for subject-matter jurisdiction.

Defendant argues that a "party seeking APA review must identify a jurisdictional grant from either the relevant enabling statute or a general provision in Title 28 of the United States Code." *Id.* at 7-8. This is so, Defendant contends, because the APA, "including its judicial review provision, does not independently grant subject matter jurisdiction." *Id.* at 8.

In response, Plaintiff first admits that "[m]istakes were made when preparing and filing this complaint." Pl.'s Resp. at 1. As it relates to subject-matter jurisdiction, Plaintiff contends that he has exhausted his administrative remedies and proceeds to set forth a jurisdictional basis—"28 U.S.C. §§ 1331 and 1361 and by 42 U.S.C. § 405(g), as

---

[1] Defendant also argues that Plaintiff's Complaint fails to state a claim under FED. R. CIV. P. 12(b)(6). However, as discussed *infra* at n.2, because the Court concludes that Plaintiff has not established subject-matter jurisdiction, it does not reach Defendant's Rule 12(b)(6)-based arguments.

incorporated by 42 U.S.C. § 1395ff(b)"—that is absent from his Complaint. *Compare id.* at 3-4, *with* Compl., ¶ 2.

"Because the jurisdiction of federal courts is limited, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." *Marcus v. Kan. Dept. of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999) (quotation marks and citation omitted). Plaintiff is required to allege facts in his Complaint sufficient to show the Court has subject-matter jurisdiction. *See Harris v. Tulsa 66ers*, 551 F. App'x 451, 451 (10th Cir. Jan. 22, 2014). The APA, on its own, "does not afford an implied grant of subject-matter jurisdiction permitting federal judicial review of agency action." *Califano v. Sanders*, 430 U.S. 99, 107 (1977). Therefore, the Court must "look elsewhere to determine whether subject matter jurisdiction exists in this case." *City of Albuquerque v. U.S. Dep't of Interior*, 379 F.3d 901, 906 (10th Cir. 2004).

Applying these precedents, the Court agrees with Defendant that Plaintiff fails to allege facts in his Complaint sufficient to show that the Court has subject-matter jurisdiction. Although Plaintiff's Response includes numerous jurisdictional allegations not found in his Complaint, it is the Complaint that controls. Accordingly, because Plaintiff alleges in the Complaint that subject-matter jurisdiction arises under the APA—an allegation foreclosed by settled caselaw—he fails to establish that the Court has subject-matter jurisdiction to hear his claims. *See Tesh v. United States Postal Serv.*, 215 F. Supp. 2d 1220, 1231 (N.D. Okla. 2002) ("Complaints which fail to affirmatively allege a basis for the Court's subject matter jurisdiction are subject to dismissal under Fed. R. Civ. P. 12(b)(1).").

**B.      Plaintiff does not challenge final agency action.**

Defendant next argues that, even if the APA supplied an independent basis for subject-matter jurisdiction, Plaintiff "challenges agency action that is not yet final, making his reliance on the APA's waiver of sovereign immunity incomplete." Def.'s Mot. at 8. Specifically, Defendant argues that, although 5 U.S.C. § 702 provides a waiver of sovereign immunity, "judicial review of '[a]gency action [is] made reviewable by statute and *final agency action* for which there is no other adequate remedy.'" *Id.* at 9 (quoting 5 U.S.C. § 704) (emphasis added by Defendant). Therefore, Defendant continues, because Plaintiff did not request escalation of his appeal to federal court pursuant to 42 C.F.R. § 405.1136, final agency action is lacking. *See id.* at 9-10.

In response, Plaintiff contends that he did request escalation of his appeal to federal court on February 12, 2024. Pl.'s Resp. at 8. Therefore, Plaintiff argues that, although he had not requested escalation of his appeal to federal court at the time he filed the Complaint, "all the prerequisites have [since] been satisfied . . . ." *Id.* at 9.

Upon consideration, the Court concludes that Plaintiff fails to allege facts showing that he requested escalation of his appeal to federal court and, therefore, seeks to challenge agency action that is not yet final. Again, the Court notes that it is the Complaint—not Plaintiff's Response—that controls the analysis, and the Complaint contains no allegations regarding Plaintiff requesting escalation of his appeal to federal court. *See Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("A federal court's jurisdiction must clearly appear from the face of a complaint or removal petition . . . ."); *Tesh*, 215 F. Supp. 2d at 1231 ("Plaintiff bears the burden of invoking this Court's subject matter jurisdiction,

and the basis for this Court's subject matter jurisdiction must appear on the face of Plaintiff's well-pled complaint.").

## CONCLUSION

For the reasons set forth herein, Defendant's Motion to Dismiss [Doc. No. 8] is **GRANTED**.

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint [Doc. No. 1] is **DISMISSED** without prejudice to amendment. Plaintiff may file an amended complaint within **fourteen (14) days** of this Order.[2] If Plaintiff fails to timely file an amended complaint, this case will be dismissed without prejudice and without further notice to the parties.

**IT IS SO ORDERED** this 9th day of May, 2024.

TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[2] Because the Court dismisses the Complaint for lack of subject-matter jurisdiction, it declines to consider the remaining arguments in Defendant's Motion. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) (noting that "dismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims") (emphasis in original).